# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRELL PHILLIPS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-01007-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court in this closed case on Movant's Motion for Relief Under Rule 60(b)(6). (Doc. 8). On June 23, 2016, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Upon review, Judge Carol E. Jackson noted that Movant had previously filed a § 2255 motion which was denied on October 15, 2012 and dismissed on appeal on March 27, 2013. (Doc. 6). Movant failed to obtain certification from the appropriate court of appeals as required under 28 U.S.C. § 2255(h), and Judge Jackson properly dismissed the second motion as result. (*Id.*). Movant now seeks relief from Judge Jackson's dismissal under Fed. R. Civ. P. 60(b)(6).

Upon filing of a Rule 60(b) motion following dismissal of a habeas petition, the Eighth Circuit encourages district courts to "conduct a brief inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under … 28 U.S.C. § 2255." *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002). A Rule 60(b) motion is considered a second or successive habeas petition if it contains a "claim." *See Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009); *Rhodes v. United States*, 2019 WL 1243128, at *2 (E.D. Mo. Mar. 18, 2019). A Rule 60(b) motion contains a "claim" if it "seeks to add a new ground for relief" or "attacks the

federal court's previous resolution on the merits." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). Movant seeks relief on the grounds that the prosecution withheld exculpatory evidence. This clearly constitutes a "claim" and not a procedural defect under applicable precedent. The motion is therefore a second or successive habeas petition. Because Movant still has not obtained certification from the appropriate court of appeals, dismissal is warranted pursuant to 28 U.S.C. § 2255(h).

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion for Relief Under Rule 60(b)(6) (Doc. 8) is **DISMISSED**.

Dated this 13th day of October, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE